ALFRED FIDAZZO *v.* STATE OF MARYLAND

[No. 1040, September Term, 1975.]

*Decided September 14, 1976.*

The cause was argued before ORTH, C. J., and MORTON and MOYLAN, JJ.

*Alan Edgar Harris, Assigned Public Defender,* for appellant.

*Leroy Handwerger, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Richard D. Warren, State's Attorney for Wicomico County,* and *Robert A. Eaton, Assistant State's Attorney for Wicomico County,* on the brief, for appellee.

MOYLAN, J., delivered the opinion of the Court.

The appellant, Alfred Fidazzo, was convicted in the Circuit Court for Wicomico County by Judge Richard M. Pollitt, sitting without a jury, of both breaking and entering and grand larceny. Neither the *corpus delicti* of the crime nor the criminal agency of the appellant are in factual dispute. A bag being carried by the appellant at approximately 6:45 a.m. on June 8, 1975, in Ocean City was full of cash and identifying envelopes taken from Lawrence's Car Wash in Salisbury the evening before. At issue is the constitutional propriety of the investigative look into that bag.

Two officers gave their versions of the accosting of the appellant upon the Boardwalk, of his voluntary accompanying of them to the police station and of his consenting to their looking into the bag in question. The appellant gave a different version. In a very careful and precise finding of facts, Judge Pollitt found the testimony of the policemen to be credible and the testimony of the appellant to be not credible. In making our own independent constitutional judgment as to whether the consent to the search of the bag was voluntary, we give great weight to the findings by the hearing judge, with his superior opportunity to observe the demeanor of the witnesses, when it comes to the resolution of disputed first-level facts. *Walker v. State*, 12 Md. App. 684, 694-695. As we said in *Walker*, at 695:

"What we mean, therefore, when we say that we have the obligation to make an independent, reflective constitutional judgment on the facts whenever a claim of a constitutionally-protected right is involved is that, although we give great weight to the findings of the hearing judge as to specific, first-level facts (such as the time that an interrogation began, whether a meal was or was not served, whether a telephone call was requested, etc.) we must make our own independent judgment as to what to make of those facts; we must, in

> making that independent judgment, resolve for ourselves the ultimate, second-level fact — the existence or non-existence of voluntariness."

From the first-level facts as found by the trial judge, we have no difficulty in concluding that the ultimate constitutional fact — that mixed question of law and fact or second-level fact — is that the consent to the search of the bag was freely and voluntarily given under the guidelines of *Schneckloth v. Bustamonte*, 412 U. S. 218 (1973). Indeed, the appellant does not seriously challenge the inevitability of a finding of voluntariness under *Schneckloth's* traditional "totality of the circumstances" approach. The appellant rather chooses to rely upon footnotes 29 and 36 of the *Schneckloth* opinion which pointed out that *Schneckloth* deferred judgment as to whether its "totality of circumstances" approach would or would not apply in a custodial setting. The appellant urges upon us the proposition that whenever a custodial setting is involved, an arguable though disputed possibility in this case, a *per se* rule is called for mandating that a policeman warn a consenting defendant that he has the right to refuse the requested consent, with the absence of such warning automatically condemning the consent to the dustbin of unconstitutionality.

Whatever solace the appellant may have taken from the reservation of the question in *Schneckloth* was rudely dashed, however, by *United States v. Watson*, 46 L.Ed.2d 598 (1976). *Watson* makes it clear that the constitutional standard for judging the voluntariness of a consent is still the "totality of the circumstances" as described in *Schneckloth*. A *per se* rule demanding a warning as a *sine qua non* is not called for under the Fourth Amendment, even where custody is involved. As *Watson* said, at 609:

> "[T]he fact of custody alone has never been enough in itself to demonstrate a coerced confession or consent to search."

Absent the *per se* rule he seeks, the appellant cannot prevail. Under the "totality of the circumstances" approach of *Schneckloth*, we conclude, as did the trial judge, that the consent to the search of the bag was voluntary.

*Judgments affirmed.*